# United States District Court
## Eastern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | |
| **KENNETH HOUGHTON** | **DOCKET NUMBER:** 6:22-MJ-00017-HBK |

I, Sean Fitzgerald Law Enforcement Park Ranger, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. In Yosemite National Park, in the Eastern District of California, Kenneth HOUGHTON did or was:

**Count 1:** Failure to comply with a reporting requirement specified in paragraph (a) or (b) of this section is prohibited. (b) A person shall not tow or move a vehicle that has been involved in an accident without first notifying the superintendent unless the position of the vehicle constitutes a hazard or prior notification is not practicable, in which case notification shall be made before the vehicle is removed from the park area in violation of Title 36 Code of Federal Regulations § 4.4(c)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

**Count 2:** Violating a provision of State law is prohibited-The driver of a motor vehicle shall present his or her license for examination upon demand of a peace officer enforcing the provisions of this code is prohibited in violation of Title 36 Code of Federal Regulations § 4.2(b); California Vehicle Code § 12951(a)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

**Count 3:** Violating a provision of State law is prohibited- Failure to provide evidence of financial responsibility is prohibited in violation of Title 36 Code of Federal Regulations § 4.2(b); California Vehicle Code § 16028(a)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

**Count 4:** Violating a provision of State law is prohibited-A person shall not drive, move, or leave standing upon a highway, or in an off street public parking facility, any motor vehicle, trailer, semitrailer, pole or pipe dolly, or logging dolly, unless it is registered and the appropriate fees have been paid under this code or registered under the permanent trailer identification program, except that an off-highway motor vehicle which displays an identification plate or device issued by the department pursuant to Section 38010 may be driven, moved, or left standing in an off street public parking facility without being

| | |
|---|---|
| Speedy Trial Act Applies: **No** | U.S. v. **HOUGHTON** |
| | Criminal Complaint |

registered or paying registration fees is prohibited in violation of Title 36 Code of Federal Regulations § 4.2(b); California Vehicle Code § 4000(a)(1)
**Maximum penalty: 6 months imprisonment and/or $5,000 fine**

I further state I am a Type 1 commissioned Law Enforcement Officer with the National Park Service. I have been a commissioned law enforcement officer seasonally and permanently since 2016.  I attended the Seasonal Law Enforcement Training Program at Santa Rosa Junior College in 2015. In 2022, I attended the Federal Law Enforcement Training Center (FLETC) and completed Field Training and Evaluation Program.   This complaint is based on the following facts and information observed by me and or provided to me by other National Park Service Law Enforcement Rangers.

On September 20th, 2022, at approximately 1322 hours while on patrol with Officer Kahsha Hyde in Yosemite National Park, Yosemite Emergency Communications Center (YECC) sent out a Be On the Lookout (BOLO) for a red Dodge truck with a Colorado Plate (CDLU42) that was involved in a hit and run motor vehicle accident that occurred at Gin Flat on Tioga Road at approximately 1234 hours.   YECC also advised that the Dodge's registration is currently expired as of July 2022.

At 1527 hours, I observed a red Dodge truck with a front Colorado plate (CDLU42) and a large dent on the front passenger side of the vehicle parked in the Yosemite Lodge parking lot.    I observed one male sitting in the driver's seat of the Dodge.   I identified the driver of the vehicle by his passport as Kenneth HOUGHTON.   HOUGHTON has had numerous law enforcement incidents in Yosemite including being investigated in a separate hit and run motor vehicle accident in 2021, where he fled the park after the accident.   HOUGHTON told me that he was involved in an accident on Tioga Rd earlier that day and he stated, "I left the scene after trying to get her attention multiple times."

Pursuant to the motor vehicle accident investigation, I requested HOUGHTON to provide me with his driver's license, proof of insurance, and proof current registration for the vehicle.   HOUGHTON told me that he lost his driver's license earlier that day.   HOUGHTON also told me that his vehicle's registration was expired.   HOUGHTON told me that he had insurance but did not have a physical copy of the insurance and was unable to look up his proof of insurance on his phone due to inadequate cell reception.

I interviewed K.S., the other driver involved in the accident, later that day over the phone.   K.S. told me that the Dodge hit the rear of her gray Jeep.   Based on photos of her Jeep and observation of HOUGHTON's Dodge, the damage on both vehicles exceeded $1500 of damage.   K.S. told me that HOUGHTON could not show proof of insurance at the collision scene, and she asked to see a picture of his driver's license, which HOUGHTON was not able to produce.   K.S. was then distracted by attempting to render first aid to a separate motor vehicle accident that occurred nearby.   While attempting to provide first aid, she stated that HOUGHTON drove off.

Speedy Trial Act Applies: **No**                                                     U.S. v. **HOUGHTON**
                                                                                       Criminal Complaint

HOUGHTON did not notify the Superintendent or law enforcement prior to moving his vehicle from the accident scene.

I placed HOUGHTON under arrest based on an active sealed Arrest Warrant for Failure to Appear for a citation for Title 36 Code of Federal Regulations 4.2(b); California Vehicle Code §12500(a) State Law Applicable- A person may not drive a motor vehicle upon a highway, unless the person then holds a valid driver's license issued under this code, except those persons who are expressly exempted under this code.

I declare under penalty of perjury the information which I have set forth above and on the face of this criminal complaint is true to the best of my knowledge.

  9/21/2022
Date

/S/ *Sean C. Fitzgerald*
Sean C. Fitzgerald
Law Enforcement Park Ranger
Yosemite National Park, CA

Sworn to before me and subscribed in my presence in Yosemite National Park, California.

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 before me this   21st   day of September, 2022.

  9/21/2022
Date

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Speedy Trial Act Applies: **No**

U.S. v. **HOUGHTON**
Criminal Complaint